IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PAYNE, INC. *et al* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No.: 1:21-cv-00048-JMC |
| BORE EXPRESS INC. *et al*, | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

## **MEMORANDUM OPINION**

Plaintiffs Payne, Inc. and David Rickell (together, "Plaintiffs") brought this action against Defendants Bore Express, Inc. and Faysal Ahmed Alas (together, "Defendants") in the Circuit Court for Baltimore City, Maryland, alleging a single count of negligence against each defendant. (ECF No. 3). Defendant Alas removed the case to this Court with Defendant Bore's consent. (ECF No. 1). The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4 (D. Md. 2021). (ECF Nos. 25; 26).

Presently before the Court are the following motions: Defendants' Motion to Dismiss for Lack of Prosecution ("Motion to Dismiss") (ECF No. 15); Plaintiffs' Motion to Compel Discovery Responses ("Motion to Compel") (ECF No. 46); Plaintiffs' Motion to Quash 30(b)(6) Deposition Notice ("Motion to Quash") (ECF No. 47); and Plaintiffs' Motion to Remand to State Court for Lack of Subject Matter Jurisdiction ("Motion to Remand") (ECF No. 48). The issues have been fully briefed (ECF Nos. 27, 34, 51, 52, 53, 54, 60) and no hearing is necessary. *See* Local Rule 105.6. For the reasons more fully explained below: Defendants' Motion to Dismiss is DENIED; Plaintiffs' Motion to Compel is DENIED AS MOOT; Plaintiffs' Motion to Quash is DENIED WITHOUT PREJUDICE; and Plaintiffs' Motion to Remand is DENIED.

1

# BACKGROUND

This case arises out of a multi-car motor vehicle accident on I-95 North in Baltimore City, Maryland, on December 16, 2016. The underlying facts of that accident are not relevant for purposes of this opinion. Thus, the Court will confine its description of the relevant background to the procedural events giving rise to the motions.[1]

Plaintiffs filed suit against Defendants in the Circuit Court for Baltimore City (the "Circuit Court") on September 17, 2019. (ECF No. 3).

## I. *Defendant Alas*

The Clerk of the Circuit Court issued a summons for Defendant Alas on September 19, 2019. (ECF No. 15-3). Plaintiffs filed an Affidavit of Process Server asserting that Defendant Alas was served on December 9, 2019, more than sixty days after the Clerk's issuance of the summons. (ECF Nos. 15-4; 27-4). Plaintiffs filed a Request for Order of Default against Defendant Alas on February 13, 2020. (ECF Nos. 15-5; 27-5). The Request for Order of Default was only mailed to Defendant Alas; Plaintiffs did not serve same on Defendant Bore. (ECF Nos. 15-5; 27-5). The Circuit Court entered an order granting the Request for Order of Default on March 13, 2020, and the Clerk of the Circuit Court issued a Notice of Default on March 24, 2020. (ECF No. 27-7). Plaintiffs then filed a Request for Default Judgment against Defendant Alas on May 19, 2020. (ECF No. 15-6; 27-8). The Circuit Court ordered judgment by default in the amount of $374,722.22 against Defendant Alas on June 10, 2020, and the Clerk of the Circuit Court entered same on June 15, 2020. (ECF No. 27-9).

---

[1] The Court notes that several dates in both parties' recitations of the procedural history are inconsistent with the exhibits attached to Defendants' Motion to Dismiss and Plaintiffs' response thereto. The inconsistencies are immaterial; however, for preciseness, the Court includes only those dates that may fairly be supported by the exhibits.

On November 20, 2020, with Plaintiffs' consent, Defendant Alas moved to vacate the default judgment and strike Plaintiffs' purported service on Defendant Alas as improper. (ECF No. 1-17). On December 2, 2020, the Circuit Court granted Defendant Alas' Consent Motion to Vacate Default Judgment and ordered the service stricken. (ECF No. 15-7). Approximately one month later, on January 6, 2021, Counsel for Alas "accepted service on behalf of Defendant Alas." (ECF No. 15-1 at 4). On January 7, 2021, Defendant Alas filed an Answer in the Circuit Court, (ECF No. 1-19; 8), and filed his Notice of Removal in this Court. (ECF No. 1).

## II.   *Defendant Bore*

The Clerk of the Circuit Court issued summons for Defendant Bore on September 19, 2019. (ECF No. 15-3). Defendant Bore is a North Carolina corporation with its principal place of business located in Charlotte, North Carolina. (ECF No. 15-8). Defendant Bore's business entity registration identifies Abshir Bore as its registered agent. *Id.* Plaintiffs first attempted to serve Defendant Bore on October 11, 2019 at its principal place of business and contend that Defendant Bore's registered agent "refused to come out of his office when service was attempted." (ECF No. 27 at 4). Ultimately, Plaintiffs filed an Affidavit of Process Server asserting that Li Omar, "Manager" of Defendant Bore was served. (ECF Nos. 15-9; 27-11). Plaintiffs then requested an Order of Default against Defendant Bore on December 27, 2019. (ECF Nos. 15-1 at 4; 27 at 4). The request was denied for Plaintiffs' failure to attach a certificate of service to the filing. *Id.* Plaintiffs refiled their request for Order of Default on January 7, 2020. (ECF No. 15-10). Plaintiffs did not serve Defendant Alas with the second Request for Order of Default. *Id.* The Circuit Court denied this request by an Order indicating that Plaintiffs' Affidavit of Service failed to comply with Maryland Rule 2-124(d).[2] (ECF Nos. 15-11; 27-12 at 2).

---

[2] The rule provides that "[s]ervice is made upon a corporation, incorporated association, or joint stock company by serving its resident agent, president, secretary, or treasurer. If the corporation, incorporated association, or joint stock

3

Plaintiffs filed another Affidavit of Process Server which asserted that Defendant Bore's resident agent was served via substitute service on March 9, 2020. (ECF Nos. 15-12; 21-13 at 31). Plaintiffs again filed a Request for Order of Default against Defendant Bore on May 15, 2020. (ECF No. 15-13). The Circuit Court denied this third request for Order of Default for Plaintiffs' failure to comply, this time, with Maryland Rule 2-113.[3] (ECF No. 15-14). This Request for Order of Default also was not served on Defendant Alas. *Id.*

On June 24, 2020, Plaintiffs requested, in writing, that the Clerk of the Circuit Court reissue summons for Defendant Bore, which it did. (ECF No. 15-15). Thereafter, Plaintiffs served Defendant Bore via substituted service on Defendant Bore's resident agent on September 9, 2020. (ECF Nos. 15-16; 27-14). On November 20, 2020, Defendant Bore filed an Answer in the Circuit Court. (ECF Nos. 1-16; 7).

## DISCUSSION

### I.  *Motion for Remand*

The Court must first address Plaintiffs' motion for remand because "[t]he question of subject-matter jurisdiction necessarily precedes any inquiry into the merits of a case." *Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514, 516 (D. Md. 1998) (citation omitted). Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants. . . ." The removing party bears the burden of establishing jurisdiction. *Hurley v. CBS Corp.*, 648 Fed. App'x. 299, 303 (4th Cir. 2016). "[S]ignificant federalism concerns" require federal courts to

---

company has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." Md. R. 2-124(d).

[3] The rule provides that "[a] summons is effective for service only if served within 60 days after the date it is issued. A summons not served within that time shall be dormant, renewable only on written request of the plaintiff." Md. R. 2-113.

4

strictly construe removal jurisdiction. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc). If federal jurisdiction is "doubtful," remand is "necessary." *Id.*

28 U.S.C. § 1446 details the procedure that a party seeking removal must follow. The statute contains two temporal requirements. First, generally, notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b)(1). Second, a civil action where "the case stated by the initial pleading is not removable," may not be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* §§ 1446(b)(3), (c)(1).

Plaintiffs argue that removal was improper because Defendants' Notice of Removal was not filed until more than one year after the commencement of the action in state court. (ECF No. 48-1 at 4–8). Defendants respond that "where a case is removable based on the initial pleading, the one-year time limitation contained in § 1446(c)(1) does not apply." (ECF No. 51 at 5). Accordingly, this Court must decide, as a threshold matter, whether the one-year time limitation on removal applies here.

This action commenced in the Circuit Court on September 17, 2021. (ECF No. 3). "[I]t is clear that this Court looks to the law of the State of Maryland to determine when the action 'commences' under 28 U.S.C. § 1446(b). It is well established that an action commences under Maryland law on the date that the initial complaint is filed." *Lexington Market, Inc. v. Desman Assocs.*, 598 F. Supp. 2d 707, 710 (D. Md. 2009) (citation omitted); *see* Md. Rule 2-101(a) ("A civil action is commenced by filing a complaint with a court."). Maryland law does not require

service of process upon a defendant for an action to "commence." *Lexington Market*, 598 F. Supp. 2d at 711 (citing *Sledz v. Flintkote Co.*, 209 F. Supp. 2d 559, 562 (D. Md. 2002)).

Previous decisions of this Court have recognized that "[T]he United States Court of Appeals for the Fourth Circuit has not directly spoken on whether the one-year time limitation of § 1446(b) applies only to the cases which are the subject of paragraph two of the section, or whether it applies to all cases removed under § 1446." *White v. Lexington Court Apartments*, Civ. No. DKC-16-0427, 2016 WL 1558340, at *2 (D. Md. Apr. 18, 2016) (quoting *LaPosta v. Lyle*, Civ. No. 5:11CV117, 2012 WL 1752550, at *3 (N.D.W.Va. May 16, 2012)). That notwithstanding, the "weight of authority construes the one[-]year limitation to apply only to cases that were not originally removable." *Id.* Indeed,

> courts of appeals that have directly addressed the issue have overwhelmingly held that the one-year limitation only applies to the cases addressed by the second paragraph, those not originally removable that only become so during the progression of the case. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316–17 (9th Cir. 1998); *Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002); *Price v. Wyeth Holdings, Corp.*, 505 F.3d 624, 631 n.6 (7th Cir. 2007) (noting that all circuits deciding the issue have found that the one-year rule only applies to cases not initially removable); *Brierly v. N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873 (5th Cir. 1998).

*White*, 2016 WL 1558340, at *2 (D. Md. Apr. 18, 2016) (quoting *LaPosta*, 2012 WL 1752550, at *3 (N.D.W.Va. May 16, 2012)). "After analysis of the language and construction of the statute, the legislative history and recent amendments, as well as the reasoning of courts outside of the Fourth Circuit," the *LaPosta* Court concluded "that no reasonable interpretation of the statute could lead to a conclusion that the one-year limitation applies to cases which were removable from the time of their filing." *Id.* (quoting *LaPosta*, 2012 WL 1752550, at *3 (N.D.W.Va. May 16,

2012)). Just as those courts before it, so too does this Court conclude that the one-year limitation is applicable only to cases not originally removable.

Naturally, then, the question becomes whether Plaintiffs' complaint, as originally filed in the Circuit Court, *was* removable. The Court may "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when defendant had notice of grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or other subsequent paper." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). Defendants, relying on their Notice of Removal, argue that the case was originally removable under 28 U.S.C. § 1332. (ECF No. 51 at 10–11). More specifically, Defendants assert that there existed complete diversity of citizenship among all parties and the amount in controversy exceeded § 1332's threshold requirement of more than $75,000. *Id.*

Plaintiffs' initial complaint was instituted by Plaintiff Payne, Inc. (a Virginia corporation) and Plaintiff Rickell (a Maryland resident). *Id.* at 10; (ECF No. 1 at 1–2). The complaint named Defendant Alas (an Ohio resident) and Defendant Bore Express, Inc. (a North Carolina corporation). *Id.* at 10; (ECF No. 1 at 1–2). Plaintiffs' state court complaint sought damages in the amount of $229,089.29. (ECF Nos. 1 at 3; 3 at 5); *see Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981) (citation omitted) ("Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith."). On these facts, it is clear that Plaintiffs' initial state court complaint was removable on the basis of 28 U.S.C. § 1332 pursuant to 28 U.S.C. § 1446.

Having determined the one-year limitation is inapplicable here, the only remaining matters for the Court concern the propriety of Defendant Alas' notice of removal (i.e., whether it was timely filed) and whether there still exists subject matter jurisdiction. *See* 28 U.S.C. § 1446(b)(1);

7

§ 1447(c). For Plaintiffs to challenge removal on procedural grounds, the Motion for Remand must have been sought within thirty days after filing of the notice of removal. *See* 28 U.S.C. § 1447(c) ("[a] motion to remand the case on the basis of *any defect other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a).") (emphasis supplied); *see also Burns v. Washington Metro. Area Transit Auth.*, 488 F. Supp. 3d 210, 215 (D. Md. 2020) (rejecting remand where Plaintiff failed to timely file a motion for remand on procedural grounds); Charles Alan Wright *et al.*, 14C Federal Practice and Procedure § 3731 (4th ed. 2009) ("The two 30-day time limitations in Section 1446 are mandatory, even though several courts have ruled that they are not jurisdictional limitations and may be waived."). Here, Plaintiffs filed their Motion for Remand 120 days after Defendant Alas' notice of removal. *See* Docket. As such, Plaintiffs' arguments that the notice of removal is procedurally "defective and insufficient," (ECF No. 48-1 at 11), are untimely and, therefore rejected. Instead, consistent with § 1447(c), the Court's review at this juncture is limited to the existence (or lack thereof) of subject matter jurisdiction.

After removal, Plaintiffs filed an operative Amended Complaint in this Court. (ECF No. 45). The parties to the Amended Complaint remain the same: Plaintiffs Payne and Rickell assert claims against Defendants Bore Express and Alas. *Id.* Thus, as explained above, there remains complete diversity of citizenship. The only substantive difference between Plaintiffs' Amended Complaint and Plaintiffs' initial state court complaint is the amount in controversy. In this Court, Plaintiffs assert damages exceeding five million dollars, as opposed to the $229,089.29 sought in state court. *Id.* at 5. It is plain that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship among the parties and the amount in controversy

8

exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Accordingly, Plaintiffs' Motion to Remand is DENIED.

## II. *Rule 41(b) Motion to Dismiss*

Next, the Court turns its attention to Defendants' dispositive motion—styled as a motion to dismiss—pursuant to Federal Rule of Civil Procedure ("FRCP") 41(b). (ECF No. 15). Under that Rule, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is but one tool in the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Diamond v. Bon Secours Hosp.*, Civ. No. WMN-09-865, 2010 WL 2696632, at *6 (D. Md. July 6, 2010) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991)).

The Fourth Circuit recently reiterated that "a court has the 'inherent power' to dismiss an action for want of prosecution." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). A court's power to involuntarily dismiss a case "derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (quoting *Link*, 370 U.S. at 630–31). "[R]ecognizing the severity of dismissal as a sanction" pursuant to Rule 41(b), trial courts must consider the following four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson*, 925 F.3d at 625 (quoting *Hillig v. IRS*, 916 F.2d 171, 174 (4th Cir. 1990)); *see also Diamond*, 2010 WL 2696632, at *6–7 (D. Md. July 6, 2010).

These criteria, however, do not create a "rigid four-prong test." *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). Instead, the court must analyze "the facts of each case" in exercising its discretion to determine whether involuntary dismissal is an appropriate sanction. *Attkisson*, 925 F.3d at 625 (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)). Not surprisingly, "[a] dismissal with prejudice [under Rule 41(b)] is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Stratagene v. Invitrogen Corp.*, 206 F.R.D. 121, 122 (D. Md. 2002) (quoting *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 2002)). It follows, then, that "[w]hile the power to dismiss clearly lies with the district courts, it is appropriately exercised only with restraint." *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978).

The gravamen of Defendants' Motion to Dismiss hinges on Plaintiffs' failures to sufficiently effect service of process upon Defendants in the state court action and the delay caused therefrom, prior to Defendants' removal to this Court. (ECF No. 15-1 at 4–6; 7–16). Defendants' chief complaints are that: (1) Plaintiffs' failed to serve Defendant Alas with valid, enforceable summons (i.e., within sixty days of the issuance of same) and the complaint, pursuant to Maryland Rule 2-113; and (2) Plaintiffs failed to properly serve Defendant Bore, a corporation, with valid, enforceable summons and the complaint by service on its registered agent. As a result, approximately a year elapsed from the filing of the complaint in the Circuit Court and service on Defendants.

"State law governs the sufficiency and service of process before removal to federal court." *Sharp v. Am. Honda Motor Co., Inc.*, Civ. No. 09-cv-2622, 2009 WL 4061761, at *1 (D. Md. Nov. 19, 2009) (citing *Eccles*, 10 F. Supp. 2d at 519); *see also Jefferson v. Nat'l R. Passenger Corp.*, Civ. No. DKC-15-2275, 2015 WL 6437364, at *1 (D. Md. Oct. 21, 2015). Pursuant to Maryland

Rule 2-113, "[a] summons is effective for service only if served within 60 days after the date it is issued. A summons not served within that time shall be dormant, renewable only on written request of the plaintiff." Moreover, in pertinent part, "[s]ervice is made upon a corporation . . . by serving its resident agent, president, secretary, or treasurer." Md. R. 2-124(d).

Here, summons directed at Defendant Alas was not served within the sixty days following issuance. Defendant Alas' summons was issued by the Clerk of the Circuit Court on September 19, 2019 and purportedly served on December 9, 2019, eighty-one days later. Accordingly, because the summons became dormant after sixty days, the Circuit Court struck this improper service pursuant to Maryland Rule 2-113. Summons directed at Defendant Bore was issued on September 19, 2019. Plaintiffs' process server attempted to serve the summons within sixty days, but on Defendant Bore's "Manager," not resident agent. This failed to comply with Maryland Rule 2-124(d). On June 24, 2020, Plaintiffs requested in writing that the summons be reissued.[4] (ECF No. 15-15). Only on September 9, 2020, did Plaintiffs purportedly effectuate substituted service on Defendant Bore's registered agent.[5] (ECF No. 15-16).

Plaintiffs do not—rightfully so—argue that the summons were effective. Instead, Plaintiffs argue that Defendants waived any issues with service when Counsel for Defendants (1) entered an appearance in the state court; and (2) filed Answers on behalf of Defendants without raising the defense of insufficient service of process. (ECF No. 27 at 9). Thus, this Court must square Maryland Rule 2-507—which permits a trial court to dismiss an action, and upon which Defendants rely—with Maryland Rule 2-322, which enumerates particular defenses (namely the

---

[4] The record is not clear as to when the Clerk of the Circuit Court *issued* the renewed summons. The Court is only aware of when the Plaintiffs *requested* same.

[5] The Court cannot determine, without knowing the day on which the Clerk of the Circuit Court reissued summons directed at Defendant Bore, whether or not service occurred within sixty days, or if that summons also became dormant by September 9, 2020. Neither party addresses this issue. However, as discussed, *infra*, it is immaterial.

11

defenses of "insufficiency of process" and "insufficiency of service of process") that a defendant must raise before filing an Answer.

Defendants rely on Maryland Rule 2-507(b), which provides that "[a]n action against any defendant who has not been served or over whom the court has not otherwise acquired jurisdiction is subject to dismissal as to that defendant at the expiration of 120 days from the issuance of original process directed to that defendant." (ECF No. 15-1 at 8). Plaintiffs misread Defendants' argument and contend (correctly) that a defendant is not permitted to bring a motion to dismiss premised on Maryland Rule 2-507*(c)*, which governs lack of prosecution. (Emphasis supplied); *see* (ECF No. 27 at 9); *Thomas v. Ramsburg*, 99 Md. App. 395, 399 (1994) ("The plain language of Rule 2–507 does not directly anticipate parties to an action filing motions to dismiss for lack of prosecution; only that the clerk of the court should initiate such dismissal proceedings."); *Reed v. Cagan*, 128 Md. App. 641, 650 (1999). Maryland law is clear, however, that Maryland Rule 2-507(b), which governs lack of jurisdiction, may properly provide the basis for a motion to dismiss. *See Conwell Law LLC v. Tung*, 221 Md. App. 481, 509–11 (2015) (distinguishing between subsections (b) and (c) of Maryland Rule 2-507 and noting that the former may be raised with the court directly, whereas, the latter must be initiated by the clerk of the court). Thus, Defendants could have crafted an argument under Maryland Rule 2-507(b) that Plaintiffs failed to acquire jurisdiction over them; however, that opportunity has now passed.

"The filing of an answer by a defendant causes personal jurisdiction to attach in the court where the answer is filed." *Trademark Remodeling, Inc. v. Rhines*, 853 F. Supp. 2d 532, 537 (D. Md. 2012) (citation omitted). Indeed, by filing an answer, a defendant forecloses the opportunity to challenge a complaint based on insufficient service, insufficient process, improper venue, or lack of personal jurisdiction. *Id.*; Md. R. 2-322(a) ("The following defenses shall be made by

motion to dismiss filed before the answer, if an answer is required: (1) lack of jurisdiction over the person, (2) improper venue, (3) insufficiency of process, and (4) insufficiency of service of process. If not so made and the answer is filed, these defenses are waived."). In the Circuit Court, Defendant Bore filed an answer on November 20, 2020. (ECF Nos. 1-16; 7). Defendant Alas filed an answer on January 7, 2021, before removing to this Court. (ECF Nos. 1-19; 8). The docket does not reflect a motion to dismiss filed by either Defendant in the Circuit Court. *See* Docket. Therefore, the Court concludes Defendants' arguments grounded in the insufficiency of service of process are waived, and turns to Defendants' delay argument in light of the four factors for consideration under Rule 41(b).

Applying those factors here, the Court concludes that Plaintiffs' conduct falls short of the level to justify the sanction of involuntary dismissal with prejudice. This is not such an extreme case where dismissal is warranted pursuant to Rule 41(b). To the first and third factors, the record does not bear out personal responsibility on behalf of Plaintiffs. The delay relating to service of process that occurred while this matter was pending in the Circuit Court (which, as detailed above, is waived) is attributable to counsel. Even so, any delay here does not demonstrate "a pattern of intentional delay" or "obstructionist behavior," that might otherwise justify involuntary dismissal. *See Snead v. Automation Indus., Inc.*, 102 F.R.D. 823, 827 (1984). Instead, the record reveals Plaintiffs many, albeit defective, attempts to serve and obtain jurisdiction over Defendants. The nearly year-long saga hardly demonstrates a "failure to prosecute" within the meaning of Rule 41(b).

With regard to the second factor—prejudice—the Court appreciates Defendants argument that prejudice customarily occurs with the passage of time after an accident. Certainly, to some degree, "witnesses become difficult to locate; memories fade, making testimony less reliable; and

13

documentary evidence spoils." *O'Briant v. Nestlè Dreyer's Ice Cream*, Civ. No. ELH-18-1048, 2020 WL 3791958, at *8 (D. Md. July 6, 2020). Still, the prejudice Defendants articulate must be balanced with the realities of this case, the young age of the matter in this Court, and the prejudice to Plaintiffs in dismissing same before discovery begins in earnest. Less than five years have elapsed since the significant motor vehicle accident giving rise to these claims. Defendants ascribe some blame on Plaintiffs part for waiting to file the action until near the end of the statute of limitations. However, Plaintiffs did timely file this case *within* the statute of limitations; there is no argument to the contrary. Moreover, the Court agrees with Plaintiffs that Defendants' claims of prejudice are, at this pre-discovery stage, speculative. As such, the "sound public policy of deciding cases on their merits" cautions against dismissal. *Stratagene*, 206 F.R.D. at 122.

Finally, this Court is persuaded that there exist other sanctions short of dismissal that could effectively deter any future delays in this matter. Since Defendants' removal to this Court, the Court has not needed to induce Plaintiffs' compliance with the Federal Rules of Civil Procedure or local rules, save the discussion, *infra*. Indeed, as Defendants suggest in their response to Plaintiffs' Motion to Remand, Plaintiffs are actively litigating this matter now that the case is in federal court. *See* (ECF No. 51 at 12). There is no indication that Plaintiffs are uninterested in participating in the judicial process. Thus, a variety of less drastic sanctions, to the extent they may be necessary in the future, are likely to be effective. This factor weighs against involuntary dismissal.

In sum, only "the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). This Court declines to make a finding of bad

14

faith and callous disregard here, and as such, concludes that dismissal is not warranted. Defendants' Motion to Dismiss is, accordingly, DENIED.

### III. *Motion to Quash Rule 30(b)(6) Deposition Notice*

The Court now turns to Plaintiffs' Motion to Quash Defendants' Rule 30(b)(6) Deposition Notice. (ECF No. 47). Rule 30(b)(6) permits a party to serve an entity with a notice of deposition outlining, "with reasonable particularity," the matter for examination. Once notice is received by the entity it must "produce such number of persons as will satisfy the request [and] more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the" entity. *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 504 (D. Md. 2000) (internal quotation omitted). The Rule 30(b)(6) procedure is meant to "curb the 'bandying'" of organizations where a series of organizational employees are "deposed in turn but each disclaims knowledge of facts that are clearly known to the persons in the organization and thereby to it." Fed. R. Civ. P. 30(b)(6) Advisory Committee Notes. Simply put, Rule 30(b)(6) depositions exist to pin down an entity's testimony. *See Coryn Group II, LLC v. O.C. Seacrets, Inc.*, 265 F.R.D. 235, 238 (D. Md. 2010).

The Court will deny Plaintiffs' Motion to Quash without prejudice for two, related reasons. First, it is clear that Plaintiffs failed to abide by the governing Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's Memorandum Concerning Discovery, (ECF No. 24), before filing the Motion. Rule 26, upon which Plaintiffs reply, requires that a party moving for a protective order "*must* include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1) (emphasis supplied). Moreover, the Local Rules of this Court

impose a similar requirement before the filing of formal discovery motions. Local Rule 104.7 provides, in full:

> Counsel shall confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them. *The Court will not consider any discovery motion unless the moving party has filed a certificate reciting* (a) *the date, time, and place of the discovery conference, and the names of all persons participating therein*, or (b) *counsel's attempts to hold such a conference without success*; and (c) an itemization of the issues requiring resolution by the Court.

(D. Md. 2021) (emphasis supplied).[6] In addition, this Court *further* issued a Memorandum Concerning Discovery soon after the matter was referred from U.S. District Judge George Russell. (ECF No. 24). That Memorandum plainly states, "[i]n the event of a disagreement involving discovery, **prior to requesting Court intervention**, Counsel are to confer with each other and attempt to resolve or narrow the dispute. *Id.* at 1 (Emphasis in original). If issues remain, the Memorandum articulates a procedure by which the parties are to raise disputes with the Court, including the filing of a *joint* letter, and succinct position letters to follow not more than 24 hours later. *Id.* at 1–2.

Here, Plaintiffs filed their Motion on May 6, 2021. (ECF No. 47). The Motion was not accompanied by any certification that Plaintiffs attempted in good faith to confer, narrow, or resolve the dispute. *See* Docket. Exhibits attached to Plaintiffs' motion give a degree of understanding as to the events preceding the Plaintiffs' Motion. Defendants served Plaintiffs with a Notice of Rule 30(b)(6) Deposition on March 26, 2021. (ECF No. 47-2). Plaintiffs served objections to the Notice on April 26, 2021. (ECF No. 47-3). Counsel for both parties then engaged in an email conversation, which touched upon many topics including Plaintiffs' objections to Defendants' Notice of the Rule 30(b)(6) deposition, Plaintiffs' unilateral cancellation of a

---

[6] This Court's local rules have recently been amended, effective July 1, 2021. Nevertheless, this provision was in effect under the prior version of the local rules applicable at the time the scheduling order issued.

scheduled deposition involving Defendant Bore's corporate designee, Plaintiffs' then-proposed motion to amend, and other logistical items. (ECF No. 47-4). On April 26, 2021, Plaintiffs concluded a four-paragraph email to Defendants by stating, "[a]dditionally, we have not received a response to our objections to your 30(b)(6) deposition notice for Payne's corporate representative. We hope to discuss this matter, hopefully agree upon the scope of the deposition, and avoid a Motion to Quash." *Id.* at 1. It appears no other communications occurred between the parties from April 26, 2021 to May 6, 2021. After "Defendants did not provide a response," to the April 26 email, Plaintiffs' Motion to Quash followed.

Perhaps indicative of the failure to confer in good faith before filing the Motion to Quash, Defendants filed a consent motion to extend the time allowed for Defendants' response so that the parties could "attempt to resolve, or at least narrow, the issues raised in Plaintiffs' Motions without Court involvement." (ECF No. 49). The Court granted the motion, but the parties were unable to resolve the dispute raised in the Motion to Quash. (ECF No. 50). Nevertheless, Defendants' response and Plaintiffs' reply exhibits give even more context to this dispute. The very day following the filing of the Motion—May 7, 2021—the parties conducted a telephone conference to discuss the dispute. (ECF Nos. 53 at 7; 60 at 2). Indeed, the call appears to have been, at least in part, helpful in narrowing the dispute; Defendants represent that "Plaintiffs' counsel agreed to withdraw the majority of the asserted objections." (ECF No. 53 at 7). Plaintiffs purport to agree: "the parties were seeming able to resolve several of the issues with the deposition notice," after the May 7 conference. (ECF No. 60at 2). Indeed, after the call, Plaintiffs provided Defendants with a red-lined copy of the original deposition notice "in an attempt to memorialize what Plaintiffs understood to be the parties' resolution of several of the topics, and to propose resolutions to the topics where there remained disagreement." (ECF No. 60 at 2; 53-7). Defendants suggest the

17

revisions were inconsistent with the substance of the call. (ECF No. 53 at 7). Nevertheless, in the ensuing days *after* the filing of the Motion to Quash, the parties began to hash out their respective positions concerning various deposition topics. (ECF Nos. 53-5 at 1; 60-2 at 1). These conversations were ongoing up until the day preceding the noticed deposition. (ECF No. 60-2). A review of the parties' submissions demonstrates the very reason the meet and confer requirement is imposed by the Court: "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Where, as here, there is a lack of good faith attempt to confer and resolve disputes before court intervention, the purpose of the federal rules is easily frustrated at the expense of precious judicial resources.

Second, the failure to confer in good faith before filing the Motion and the parties' subsequent briefing has generated confusion as to which deposition topics actually remain in dispute. Plaintiffs' original motion moved for a protective order incorporating their previously lodged objections to Topics 1, 6, 10, 11, 13, 14, 17, 18, 19, and 20, (ECF No. 47-1 at 3) (citing ECF No. 47-3), and arguing that: (1) Topics 3, 5, 7, 8, 15, 16, 21, 22, 23, 24, and 25 "should be struck as overbroad and failing to describe with reasonable particularity the matters for examination;" (2) Topics 3, 5, 16, and 22 "restate requests for information that are made in the Defendants' Interrogatories and Requests for Production of Documents; and (3) Topics (b)1 through (b)25" constitute requests for production of documents which is not authorized or permitted under Rule 30(b)(6). (ECF No. 47-1 at 4).

However, the parties' email correspondences dated May 9, 2021, *see* (ECF Nos. 53-5; 60-2), only meaningfully discuss the propriety of Topics 10, 11, 12, 13, 18, 19, and 20. Neither Plaintiffs' nor Defendants' subsequent filings identify which objections were withdrawn, and which deposition Topics remain at issue for the Court to decide. Thus, the Court will deny

Plaintiffs' Motion to Quash without prejudice to the right of Plaintiffs to raise the issue by following this Court's stated discovery procedures. *See* (ECF No. 24). Counsel are directed to confer by telephone, videoconference, or in-person meeting to attempt to resolve or narrow the remaining area of dispute. If disagreement still remains on particular deposition Topics, the Court expects that the parties will abide by the Federal Rules, Local Rules, and this Court's Memorandum Concerning Discovery to bring it to the Court's attention.

Both parties seek an award of fees for, on one hand, the filing of the Motion to Quash, and on the other, responding to same. (ECF Nos. 53 at 16; 60 at 13). Defendants argue they are entitled to fees for Plaintiffs filing of the Motion to Quash without following the procedures stated above. Plaintiffs contend that fees are inappropriate because, under Rule 37(d)(2), failing to attend a deposition is "excused" where the party failing to act has a pending motion for a protective order under Rule 26(c)." Cognizant that "Rule 37(d) . . . gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders," this Court will not impose costs or award fees to either party. Instead, the parties are reminded of their obligation to cooperate in conducting discovery, as well as to limit the cost of discovery so that it is proportional to what is at issue in the case.

IV.   *Motion to Compel*

As a final matter, Plaintiffs filed a motion to compel Defendants' responses to Plaintiffs' first sets of interrogatories and requests for production of documents. (ECF No. 46 at 1). After discussion between counsel, Defendants advised the Court that the matter was moot and that no substantive response was required. (ECF No. 54 at 1). Ultimately, Plaintiffs withdrew their Motion to Compel. (ECF No. 55 at 1). Therefore, the Court will deny same as moot.

## CONCLUSION

For these reasons:

1. Defendants' Motion to Dismiss for Lack of Prosecution (ECF No. 20) is DENIED;

2. Plaintiffs' Motion to Compel (ECF No. 46) is DENIED AS MOOT;

3. Plaintiffs' Motion to Quash 30(b)(6) Deposition Notice (ECF No. 47) is DENIED WITHOUT PREJUDICE; and

4. Plaintiffs' Motion to Remand to State Court for Lack of Subject Matter Jurisdiction (ECF No. 48) is DENIED.

A separate order follows.

Date: July 16, 2021

/s/
J. Mark Coulson
United States Magistrate Judge