IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PAYNE INC.** *et al*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. 1:21-00048-JMC |
| **BORE EXPRESS, INC.** *et al*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This lawsuit stems from a multi-vehicle accident amid an ice storm on December 17, 2016, where Plaintiff Rickell was rear-ended by Defendant Alas' tractor trailer, causing personal injuries and property damage. Presently before the Court is Defendants' Motion for Partial Summary Judgement. (ECF No. 95). The Court has also reviewed Plaintiffs' Opposition (ECF No. 107) and Defendants' Reply (ECF No. 113). The Court finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). As set forth more fully below, Defendants' Motion (ECF No. 95) is DENIED.

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party can do so by demonstrating the absence of any genuine dispute of material fact or by showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)). The court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party. *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)). However, the Court must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman v. Ryder Truck Rental, Inc.*, 962 F. Supp. 2d 792, 799–800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). Consequently, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998).

II.  **ANALYSIS**

As the basis for the instant Motion, Defendants contend, "Plaintiff cannot identify what, if anything, any driver, including [Defendant Alas], did wrong that led to the Occurrence or Plaintiffs' damages." (ECF No. 95, Ex. 2 at 2). Further, Defendants argue, "[t]he undisputed evidence shows that the Occurrence was caused solely by the weather and road conditions, as confirmed by the lead police accident reconstruction expert." *Id*. Defendants rely heavily on their arguments seeking to exclude Plaintiffs' liability expert, Stephen Chewning, which have already been rejected by the Court.

Through Mr. Chewning, Plaintiffs can indeed identify what they contend Defendant Alas did wrong. He drove too fast for conditions based on Mr. Chewning's frame-by-frame analysis of the events, timing, and sequence demonstrated on the bystander video, in violation of various

Federal Motor Carrier Safety Act standards. (ECF No. 94, Ex. 4 at 29-33). Additionally, Mr. Chewning's analysis of the video contradicts Defendant's Alas' testimony that he undertook reasonable evasive maneuvers. *Id*. As the Court stated denying Defendants' Motion to Exclude Mr. Chewning:

> [H]is analysis uses the events of the video and their relative timing as the accident unfolded, the relative actions of three separate tractor trailer operators under similar conditions, and the behavior of three separate but similar vehicles, all in comparison to relevant FMCSA regulations. Speed, braking, and evasive maneuvers, etc. are all relative to the road conditions which, a juror could reasonably conclude, are best assisted by a detailed analysis from an expert showing how other trucks at approximately the same time were able to successfully navigate similar conditions.

(ECF No. 115).

As such, Plaintiffs have created a fact issue for the jury based on more than the mere happening of the accident, especially considering the evidence that two other tractor trailer drivers (one of whom was Plaintiff Rickell) did successfully avoid a collision despite operating similar vehicles to Defendant Alas at the same time under similar conditions.

Further, Plaintiffs emphasize other facts beyond Mr. Chewning's testimony from which a reasonable juror could conclude that Defendant Alas' conduct was not reasonable and that he was driving too fast for the conditions. For example, Plaintiffs point to his deposition testimony wherein he admits he could have tracked weather conditions and would have known that locations, such as where the accident took place, get icy before the rest of the roadway. (ECF No. 107 at 4). However, Defendant Alas had not checked weather conditions for several hours prior to the accident. *Id.* Additionally, Defendant Alas was not fully aware of his speed at the time of the accident. *Id.*[1] While it may be that some of these facts are also not disputed by Defendants (see

---

[1] The Court at this stage need not reach and will not address whether, as urged by Plaintiffs based on *Andrade v. Housein*, 810 A.2d 494, 498 (Md. App. 2002), any presumption arises based on Plaintiff Rickell's vehicle being stopped at the time of the collision. (ECF No. 106 at 8).

Reply, ECF No. 113 at 2-3), Defendants' burden here is not simply to show the absence of a dispute, *but also* that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Finally, Defendants argue that the investigation, report, and testimony of Corporal Lamont is a more thorough and credible explanation of the accident, which does not attribute the accident to Defendant Alas. Putting aside whether Corporal Lamont's charge was to assess civil, as opposed to criminal, responsibility, this is the type of credibility battle between experts best left to the jury to decide.

While a jury could fully accept Defendants' contention that weather alone was the cause of the collision, the Court similarly finds that a jury could just as reasonably conclude differently. A reasonable juror could find that Defendant Alas drove too fast for weather conditions, failed to appreciate the situation as he approached the scene, and otherwise failed to reasonably control his tractor trailer amounted to negligence causing the accident. Therefore, summary judgment is inappropriate. *See Rowley v. Joyce*, 2012 WL 13005912 *4 (D. Md. Dec. 18, 2012) (Court denying summary judgment based, in part, on argument that weather conditions were the cause of the accident).

### III. CONCLUSION

Accordingly, it is this <u>30th</u> day of <u>June 2022</u>, hereby **ORDERED** that Defendants' Motion for Partial Summary Judgment (ECF No. 95) is DENIED.

<u>June 30, 2022</u>  
Date

/s/  
J. Mark Coulson  
United States Magistrate Judge