UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Phone: (410) 962-4953 | Fax: (410) 962-4953
E-mail: mdd_jmcchambers@mdd.uscourts.gov

September 2, 2022

LETTER ORDER AND OPINION TO ALL COUNSEL OF RECORD

Re:   *Payne Inc. et al v. Bore Express, Inc. et al*
      Civil No. 1:21-cv-00048-JMC

Dear Counsel:

The parties have identified a discovery dispute and have requested Court assistance consistent with the Court's streamlined discovery dispute procedure as set forth in its initial memorandum to counsel. (ECF No. 24). The Court has reviewed the parties' respective submissions. (ECF Nos. 126, 127, 128, 130 and 131). The Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). As set forth more fully below, Plaintiffs' requests to order supplementation of Defendant Alas' written discovery responses and to re-open his deposition are DENIED.

The original discovery deadline of June 14, 2021 was extended to October 13, 2021, per Plaintiffs' request. (ECF No. 39). After another extension to March 17, 2022, the deadline was again extended to May 16, 2022. (ECF Nos. 75 and 77).

In the meantime, Defendant Alas answered the first set of written discovery at issue on or about September 2, 2021. (ECF No. 130 at 2). After receiving those answers, Plaintiffs raised many of the same objections raised here by way of a Motion to Compel filed September 16, 2021. (ECF No. 65). After filing that motion, the parties apparently participated in a conference of counsel on October 5, 2021, to address the issues Plaintiffs raised. (ECF No. 130 at 2). While the parties now dispute whether those issues were adequately addressed at that time, the conference did result in Plaintiffs withdrawing their motion to compel immediately afterwards, providing corroboration for Defendants' argument that the same issues raised now were resolved as a result of that conference. (ECF No. 72).

Notably, despite filing several status reports with the Court, Plaintiffs never again raised any issue regarding that discovery with the Court, including as late as their July 15, 2022, status report.[1] (ECF Nos. 101 and 118). The issues also did not surface at the Court's June 6, 2022, in-

---

[1] The Court granted *Defendants* a limited extension of discovery to July 15, 2022, to allow time for Plaintiff's to comply with this Court's order to produce certain information and allow for Defendants to conduct any necessary third-party follow-up discovery based on this production. (ECF No. 111.) Tellingly, Defendants had timely alerted the Court to these issues prior to the May 16, 2022, discovery deadline.

person hearing addressing other discovery issues between the parties, summarized in the Court's order of that date. (ECF No. 111).

Plaintiffs remained silent on these issues until July 27, 2022, when they wrote to Defendants describing the deficiencies. (ECF No. 130, Ex. E). Importantly, there is no indication in Plaintiffs' recent filings that Defendants had been promising supplementation for weeks or months and failed to do so, "slow-walking" Plaintiffs past the discovery deadline.

Similarly, the deposition problems Plaintiffs now raise (first by letter to Defendants dated July 28, 2022, per ECF No. 130, Ex. F) refer to a deposition that took place on October 19, 2021. (ECF No. at 3). As with the first set of written discovery, Plaintiffs have been silent on the issue until now, and likewise did not raise any such issues in their status reports or the June 6, 2022, hearing.

Finally, as to the more recent written discovery from February of 2022, this issue also was never flagged until July 27, 2022, after the May 16, 2022, discovery deadline and the limited extension the Court granted Defendants until July 15, 2022. This is especially curious since the request at issue concerns the production by Defendant Alas of social media evidence, and one significant issue at the June 6, 2022, hearing was whether Plaintiff was required to produce social media evidence. (ECF No. 111).

The orderly administration of a case requires diligence from the parties. If a discovery dispute arises, the Court has provided a streamlined procedure to address it with minimal time and cost. Both parties have made good use of that process at various times in this case. If such dispute remains unresolved and the discovery deadline is approaching, a party should not assume that the deadline will be extended absent a timely request to do so, but should obviously bring the unresolved dispute to the Court's attention. What a party cannot do is remain silent for months despite being given opportunities to flag the issue for one's opponent and the Court until the discovery deadline has passed, and then expect the Court to upend the case and the orderly administration of its docket to accommodate such a belated request. This also works a hardship on the opposing party who could otherwise understandably assume that its discovery obligations were fulfilled.

Accordingly, Plaintiffs' requests are DENIED.

Notwithstanding its informal nature, this Letter Order and Opinion is considered a formal Order and Opinion of the Court and should be docketed as such.

Sincerely yours,

_____/s/_____
J. Mark Coulson
United States Magistrate Judge