## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

PAYNE INC. et al,                    *

    *Plaintiffs*,                    *

v.                                   *        Civil Case No: 1:21-cv-00048-JMC

BORE EXPRESS, INC. et al,            *

    *Defendants.*

  *   *   *   *   *   *   *   *   *   *   *   *

## <u>MEMORANDUM OPINION</u>

Plaintiffs David Rickell ("Plaintiff Rickell") and Payne Inc. ("Plaintiff Payne") brought this lawsuit against Defendants Bore Express, Inc. ("Defendant Bore") and Faysal Ahmed Alas ("Defendant Alas") arising from a multi-vehicle accident ("the accident") on I-95 North in Baltimore City, Maryland, on December 17, 2016.  The accident occurred amid an ice storm, wherein Defendant Alas was driving a tractor trailer and allegedly rear-ended the tractor trailer Plaintiff Rickell was driving, causing personal injuries and property damage.  Presently before the Court is Plaintiffs' Motion for Summary Judgment on Liability (ECF No. 137) and Defendants' Motion for Partial Summary Judgment on Plaintiff Payne Inc.'s Claims (ECF No. 138).  In addition to these Motions, the Court has further reviewed: (1) Defendants' Response in Opposition to Plaintiffs' Motion for Summary Judgment on Liability (ECF No. 142)[1], (2) Plaintiff Payne's Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment (ECF No. 143), (3) Plaintiffs' Supplement to Their Memorandum for Summary Judgment – Liability (ECF No. 145), and (4) Reply in Support of Defendants' Motion for Summary Judgment on Plaintiff

---

[1] In their Opposition to Plaintiffs' Motion, Defendants incorporate by reference Defendants' Motion for Partial Summary Judgment on the Issue of Primary Negligence (ECF No. 95) and Defendants' Reply in Support of Defendants' Motion for Partial Summary Judgment on the Issue of Primary Negligence (ECF No. 113).

Payne's Claims and Response in Opposition to Plaintiffs' Supplemental Motion for Summary Judgment on Liability (ECF No. 153). The Court finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons explained below, Plaintiffs' Motion is DENIED, and Defendants' Motion is GRANTED IN PART and DENIED IN PART.

## I.   BACKGROUND

"In reviewing the evidence related to a motion for summary judgment, the Court considers the facts in the light most favorable to the non-moving party." *Rowley v. Joyce*, No. PWG-11-cv-1766, 2012 WL 13005952, *1 (D. Md. Dec. 18, 2012), *supplemented*, No. TJS-11-1766, 2013 WL 693027 (D. Md. Feb. 25, 2013) (other citation omitted).

The accident giving rise to the case *sub judice* occurred in the early morning hours of December 17, 2016, on I-95 North in Baltimore City, Maryland. (ECF No. 95-2 at p. 3)[2]. The accident occurred during an ice storm and involved sixty-nine vehicles. *Id.* As Plaintiff Rickell was driving a tractor trailer on I-95, he saw fire, smoke, and cars sliding in front of him. *Id.* at p. 4. Plaintiff Rickell was able to bring his vehicle to a complete stop in the travel portion of the roadway, and the vehicle's brake lights were on while the vehicle was at a stop. (ECF No. 113 at p. 2). The parties do not agree as to whether Plaintiff Rickell activated the hazard lights on his vehicle. Approximately twenty seconds after Plaintiff Rickell brought his vehicle to a stop, a tractor trailer, allegedly driven by Defendant Alas, crashed into Plaintiff Rickell's vehicle.[3] *Id.* At the time of the accident, Defendant Alas was a commercial driver and an employee of Defendant Bore. *Id.* The parties do not dispute that the roadway conditions when the accident

---

[2] When the Court cites to specific pages, the Court is referring to the page numbers provided within the electronic filing stamps located at the top of each electronically filed document.

[3] In their Motion, Plaintiffs argue that Defendant Alas admitted to crashing into Plaintiff Rickell's stopped vehicle, and Plaintiffs cite to Defendant Alas' deposition. However, the Court agrees with Defendants and recognizes that the cited material only supports a conclusion that Defendant Alas does not deny "hitting the truck in front of [him]." (ECF No. 137-2 at p. 29).

occurred were treacherous; the accident occurred at night while the road was covered by ice.  (ECF No. 137-1 at p. 4).  Each vehicle involved in the accident was towed away from the scene regardless of its condition or the condition of its owner.  (ECF No. 138-1 at p. 3).  Following the accident, Corporal Lamont of the Maryland Transportation Authority Police conducted an extensive investigation, and he concluded that no driver was at fault for the accident.  (ECF No. 95-2 at p. 7).

During discovery, in support of its claims regarding damage to the vehicle Plaintiff Rickell was operating at the time of the accident, Plaintiff Payne provided two invoices for repairs from a motor vehicle repair shop.  The January 5, 2017 invoice documents the services of "trailer checked over . . . [and] for repairs due to rear end collision[,]" and the total cost amounts to "[$]3130.92." (ECF 138-6, Ex. E at p. 1).  The February 23, 2017 invoice documents the services of "repairs due to rear end collision . . . [and] replace back glass [outside vender][,]" and the total cost amounts to "[$]11609.00."  *Id.* at p. 2.  The invoices further divided the total costs into two distinct categories: "parts" and "labor."  *Id.* at p. 1–2.

Plaintiffs request summary judgment because "Mr. Alas' admissions contain dispositive facts that he was driving in a negligent manner."  (ECF No. 137-1 at p. 3).  Defendants request summary judgment on Plaintiff Payne's claims regarding (1) the amount Plaintiff Payne's workers' compensation insurer paid to Plaintiff Rickell, (2) the property damage to the vehicle Plaintiff Rickell was operating at the time of the accident, and (3) towing and recovery expenses related to the removal of that vehicle from the roadway following the accident.  (ECF No. 138-1 at p. 2).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party can do so by demonstrating the absence of any genuine dispute of material fact or by showing an absence of evidence to support the non-moving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986).  A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).  The court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party.  *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)).  However, the Court must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'"  *Heckman v. Ryder Truck Rental, Inc*., 962 F. Supp. 2d 792, 799–800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).  Consequently, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences.  *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998).

### III.    ANALYSIS

### A.  Plaintiffs' Motion for Summary Judgment[4]

Plaintiffs are not entitled to summary judgment. To establish their claims for negligence,

Plaintiffs must prove:

> (1) The defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual loss or injury, and (4) that the loss or injury proximately resulted from the defendant's breach of that duty.

*Rowley*, 2012 WL 13005952, at *2 (quoting *Corindaldi v. Columbia Courtyard, Inc.*, 873 A.2d

483, 489 (Md. 2005)).  "Negligence is a relative term and must be decided upon the facts of each

particular case."  *Rowley*, 2012 WL 13005952, at *2 (citing *Chamberlin v. Denny's Inc.*, 166 F.

Supp. 2d 1064, 1068–69 (D. Md. 2001) (quoting *Fowler v. Smith*, 213 Md. 240, 246 (1965))

(emphasis in *Fowler*)).  Therefore, the Maryland Court of Appeals has stated:

> Ordinarily [negligence] is a question of fact to be determined by the jury, and before it can be determined as a matter of law that one has not been guilty of negligence, the truth of all the credible evidence tending to sustain the claim of negligence must be assumed and all favorable inferences of fact fairly deducible therefrom tending to establish negligence drawn. . . . And Maryland has gone almost [as] far as any jurisdiction that we know of in holding that meager evidence of negligence is sufficient to carry the case to the jury. The rule has been stated as requiring submission if there be any evidence, however slight, *legally sufficient* as tending to prove negligence, and the weight and value of such evidence will be left to the jury.

---

[4] In their Opposition, Defendants take issue with the way Plaintiffs' attorneys signed Plaintiffs' Motion.  (ECF No. 142 at p. 1 n.4).  Defendants argue that only "Kellie T. Barnes" signed Plaintiffs' Motion on behalf of Plaintiff Rickell, and Defendants further assert that Ms. Barnes is not admitted to practice law before this Court.  *Id.*  Because the Court DENIES Plaintiffs' Motion, this issue is moot.  However, the Court does recognize that Ms. Barnes does not appear on CM/ECF as an attorney for either Plaintiff.  With that said, Mr. Setliff and Mr. Mackey—the other signors of Plaintiffs' Motion—are listed on CM/ECF as counsel for *both* Plaintiffs.  For the time, the issue of representation is a problem that the capable attorneys involved in this matter can and should sort out among themselves.  Moving forward, Plaintiffs' counsel should exercise further caution in ensuring the uniformity and consistency of their filings, as well as clarity regarding for whom they are filing.

*Fowler*, 213 Md. at 246 (emphasis in original).

On June 30, 2022, this Court denied Defendants' Motion for Partial Summary Judgment on the Issue of Primary Negligence (ECF No. 95). (ECF No. 116). The Court held, "While a jury could fully accept Defendants' contention that weather alone was the cause of the collision, the Court similarly finds that a jury could just as reasonably conclude differently." *Id.* at p. 4. Furthermore, the Court concluded that "[a] reasonable juror could find that Defendant Alas drove too fast for weather conditions, failed to appreciate the situation as he approached the scene, and otherwise failed to reasonably control his tractor trailer . . . ." *Id.*

Despite the Court already finding that there are questions of fact "best left to the jury to decide[,]" Plaintiffs draw the Court's attention to three cases they believe support summary judgment in their favor. *See id.* Plaintiffs first rely on *Gandy v. Arrant*, 50 So.2d 767 (1951), a case in which the plaintiff suddenly stopped his vehicle due to an upcoming hazard in the roadway. In *Gandy*, the Court of Appeal of Louisiana, Second Circuit, found that the defendant was negligent in rear-ending the plaintiff because the defendant was not "keeping a proper lookout . . .[,]" and if he had been, he likely would have stopped his vehicle before crashing into the plaintiff. *Id.* at 678. Notably, aside from the fact that *Gandy* does not apply Maryland law, the opinion provides almost no insight into the weather conditions at the time of the accident, nor did the accident occur on an interstate.[5] *See id.* at 678 ("the Livingstone truck came to a rather sudden stop in order to yield right-of-way over the bridge to a truck coming from the opposite direction.").

Plaintiffs next rely on *Edwards v. Chisolm*, 246 Md. 542 (1967), an opinion from the Court of Appeals of Maryland.[6] The facts in *Edwards* involved a chain of four vehicles on State Route

---

[5] The only indication that this Court found in *Gandy* regarding the condition of the roads at the time of the accident was that the *Gandy* court referred to the "day of the accident . . . ." *Id.* at 677.

[6] To the Court's knowledge, *Edwards* is the only Maryland case that cites to *Gandy.*

No. 7, a two-lane highway in Baltimore County, Maryland. *Id.* at 545. First, the front vehicle stopped suddenly, thereby causing the second vehicle to rear-end it. *Id.* Next, the third vehicle saw the second vehicle stopped in the highway, and the third vehicle was able to come to a stop before colliding with the second vehicle. *Id.* However, the fourth vehicle failed to stop before colliding into the back of the third vehicle. *Id.* The court found that the brake lights of the third vehicle were "sufficient warning to the driver of the . . . [fourth vehicle] to enable him to stop in time to avoid colliding with [the third] car." *Id.* at 546. The court cited to *Gandy*, a case factually similar to *Edwards*, to support its conclusion that the stopping of the third vehicle was not so sudden as to "precipitate trouble for an alert driver following in the rear." *Id.* at 547. Notably, the accident in *Edwards* occurred on a "clear and dry afternoon." *Id.* at 545.

Finally, Plaintiffs rely on *Altenburg v. Sears*, 249 Md. 298 (1968), another case from the Court of Appeals of Maryland. *Altenburg* involved "the rear[-]end collision of an ambulance with an automobile that had stopped at the traffic signal . . . ." *Id.* at 300. The defendant ambulance driver testified that the vehicle he struck "stopped suddenly[,]" but the court still found that the defendant was negligent as a matter of law. *Id.* at 301, 304. In addition to the defendant admitting that he had been "remiss in watching the intermittent red and green traffic control signal[,]" the accident occurred when "the weather was clear and the roads were dry." *Id.* at 300, 305.

Plaintiffs urge this Court to find the facts of *Gandy* and *Edwards*—and *Altenburg* to an extent—directly on point with the case *sub judice* despite one glaring fact that cannot be overlooked: a nighttime ice storm. Rather than rely on three cases—one of which is a Louisiana state case from 1951—with facts easily distinguishable from the facts giving rise to Plaintiffs' case, this Court will look to a case far more analogous.

In *Rowley*[7], this Court denied a defendant's and the plaintiffs' motions for summary judgment. *Rowley*, 2012 WL 13005952, at *6. *Rowley* involved a chain of three vehicles driving on an interstate. *Id.* at *1. At approximately 1:00 p.m., the plaintiffs were traveling southbound on Interstate 83. *Id.* The defendants were traveling in two separate vehicles and were located behind the plaintiffs' vehicle. *Id.* Prior to the accident, it began to snow, and just before the accident, it began to snow heavily. *Id.* Plaintiffs came to a complete stop in the left-hand lane of the interstate. *Id.* Approximately three minutes later, the defendant driving the third vehicle in the chain of vehicles skidded around the second vehicle in the chain, struck the second vehicle, and continued skidding until he collided with the plaintiffs' vehicle.[8] *Id.* The defendant in the third vehicle claimed that the defendant driving the second vehicle "slam[ed] on his brakes, fishtail[ed,] and swerved onto the shoulder . . . ." *Id.* at *2. In its opinion denying Defendants' first motion for summary judgment, this Court concluded that a reasonable juror could find that Defendant Alas was driving too fast for the weather conditions, failed to appreciate the situation, and otherwise failed to reasonably control his vehicle. (ECF No. 116 at p. 4). Similarly, in denying summary judgment in favor of the defendant driving the second vehicle, this Court held in *Rowley* that:

> A reasonable jury could infer that, in light of the snowy weather conditions and the fact that [the] [p]laintiffs' vehicle had been stopped for approximately two to three minutes prior to the accident, had [the defendant] been operating his vehicle in a

---

[7] This opinion was filed on December 18, 2012, and subsequently supplemented on February 25, 2013. The cause for the supplementation is that the initial opinion—relied on in this Opinion—applied Maryland law when Pennsylvania law should have been applied. Despite the Court's application of Maryland law when it should have applied Pennsylvania law, the Court's opinion was based on pleadings indicating the applicability of Maryland law, and the Court thoroughly applied that law. Therefore, the Court's opinion applying Maryland law still is persuasive.

[8] In their Motion, Plaintiffs draw the Court's attention to a distinction between their case and the cases to which they cite: Plaintiff Rickell, unlike the plaintiffs in *Gandy*, *Edwards*, and *Altenburg*, did not stop suddenly. The Court recognizes that this is an important distinction, and this distinction further supports this Court's reliance on *Rowley* since the plaintiffs in that case were not hit until they had been at a stop for approximately three minutes, and summary judgment was inappropriate even in light of the defendant in the second vehicle possibly skidding. *Rowley*, 2012 WL 13005952.

reasonable, prudent manner under the existing circumstances, he would have had ample time to see the brake lights in front of him, realize that [the] [p]laintiffs' vehicle and the cars ahead of them had stopped on the roadway, and then bring his vehicle to a controlled stop behind [the] [p]laintiffs'.

*Rowley*, 2012 WL 13005952, at *4 (other citations and internal quotations omitted). This Court then proceeded to deny the plaintiffs' motion for summary judgment against the defendant driving the third vehicle; the Court reasoned that just as summary judgment in favor of the defendant driving the second vehicle was inappropriate because a jury could conclude that he was or was not negligent in light of the circumstances, "so too could a jury determine that [the defendant driving the third vehicle] exercised reasonable, ordinary care in light of those circumstances." *Id.* at *5.

Furthermore, as this Court has already concluded, there remains a dispute between experts relied on by the parties that provides for "the type of credibility battle . . . best left to the jury to decide." (ECF No. 116 at p. 4). It is for a jury to determine whether Defendant Alas acted reasonably under the circumstances.

The facts remain the same as when the Court denied Defendants' first motion for partial summary judgment on June 30, 2022.[9] (ECF No. 116). This Court again concludes that this matter concerns disputes of material fact that are appropriate for a jury to consider, and the Court is not

---

[9] In opposing Defendants' first motion for summary judgment, Plaintiffs urged this Court to find their case "factually very similar" to *Rowley*. (ECF No. 107 at p. 7).

prepared to find either party entitled to summary judgment as a matter of law.  Therefore, Plaintiffs' Motion is hereby DENIED.[10]

### B.  Defendants' Motion for Partial Summary Judgment

#### 1.  Plaintiff Payne's Damages Claim Concerning Workers' Compensation its Insurer Paid to Plaintiff Rickell

Defendants assert that Plaintiff Payne is not the real party in interest concerning the reimbursement of workers' compensation that Plaintiff Payne's insurer paid to Plaintiff Rickell. (ECF No. 138-1 at p. 8).  In its Opposition, Plaintiff Payne "concedes its worker's compensation insurer, Arch Insurance, is the proper party for its claim concerning reimbursement of prior benefits paid to Mr. Rickell." (ECF No. 143 at p. 1).  Therefore, to the extent Defendants' Motion requests summary judgment regarding Plaintiff Payne's workers' compensation reimbursement claim, Defendants' Motion is hereby GRANTED.

#### 2.  Plaintiff Payne's Damages Claim Regarding Property Damage to the Vehicle Plaintiff Rickell Operated

Plaintiff Payne can maintain a claim for property damage to the vehicle driven by Plaintiff Rickell.  "It is plaintiff's burden to prove [its] economic damages with reasonable certainty, and economic damages will not be awarded without proof of pecuniary loss."  *Neal v. United States*, No. ELH-19-1033, 2022 WL 1155903, at *25 (D. Md. Apr. 19, 2022) (citing *Nguti v. Safeco*

---

[10] The Court wishes to briefly address Plaintiffs' Supplement (ECF No. 145) to their Motion.  Attempting to support summary judgment in their favor, Plaintiffs rely on two cases that are factually distinguishable from the case *sub judice,* and which concern the applicability of an unavoidable accident jury instruction.  *See Vizzini v. Dopkin*, 176 Md. 639, 350 (1939) (in a case involving a defendant driving his vehicle and striking a pedestrian crossing the road, the Court of Appeals of Maryland held that an unavoidable accident jury instruction was inappropriate because "[t]here was evidence in this case from which the jury *might* have found that the accident was not unavoidable . . . .") (emphasis added); *Fry v. Carter*, 375 Md. 341, 344 (2003) (in a case involving a tractor trailer carrying a wide load and striking a roadworker, the Court of Appeals of Maryland held that "an unavoidable accident instruction should never be given in a negligence action.").  Plaintiffs have not provided, and the Court has not found, any case relying on *Fry* at the summary judgment stage.  Although Plaintiffs' Supplement serves as a reminder of the longstanding rule that unavoidable accident jury instructions are not to be given in Maryland negligence actions, it provides no support for an argument that the Court should ignore a case as factually similar as *Rowley*.

10

*Insurance Co.*, No. PX 15-742, 2017 WL 2778821, at *4 (D. Md. Jun. 27, 2017) (it is plaintiff's burden to prove damages through evidence "that would allow a factfinder to value his claimed loss.") (other citations omitted)).  "Maryland cases have often recognized a plaintiff's burden to prove negligence and damages."  *Owens-Corning v. Walatka*, 125 Md. App. 313, 326 (1999), *abrogated on other grounds by John Cran, Inc. v. Scribner*, 369 Md. 369 (2002) (citing *Jones v. Fed. Paper Bd. Co., Inc.*, 252 Md. 475, 485 (1969) (holding that in a negligence action, "plaintiffs had the burden of proving their damages beyond mere conjecture and speculation . . . ."); *Brock Bridge Ltd. P'ship, Inc. v. Development Facilitators, Inc.*, 114 Md. App. 144, 157 (1997) (holding that in a breach of contract action, "the plaintiff bears the burden of adducing sufficient evidence from which the amount of damages can be determined.")).

Here, Defendants admit that Plaintiff Payne has produced two invoices for repairs from a motor vehicle shop.  (ECF No. 138-1 at p. 11).  However, Defendants take issue with the fact that the invoices appear to come from Plaintiff Payne's own "onsite repair department."  (ECF No. 153 at p. 2).  Furthermore, Defendants characterize the invoices as "skeletal" since the invoices do not contain (1) descriptions of work performed, (2) descriptions regarding the time spent on the repairs, (3) any photographs of alleged damage, or (4) the cost of each individual aspect of repair.  *Id.*; (ECF No. 138-1 at p. 11).  Defendants provide no caselaw other than to support the general proposition that plaintiffs must prove economic damages with reasonable certainty.  (ECF No. 138-1 at p. 7).  The Court reviewed the invoices and observed that they are from "Payne Trucking Co.," provide general descriptions of work performed, and accumulate total costs based upon two distinct categories of "parts" and "labor."  (ECF No. 138-6, Ex. E).  These invoices would provide a jury with sufficient evidence to make a determination beyond mere conjecture or speculation regarding damages to Plaintiffs' vehicle.  Therefore, to the extent Defendants' Motion requests

summary judgment regarding damage to Plaintiffs' vehicle, Defendants' Motion is hereby DENIED.

### 3.  Plaintiff Payne's Damages Claim Regarding Towing and Recovery Charges

Plaintiff Payne can maintain a claim for towing and recovery charges.  Defendants maintain that any alleged negligence on their part was not a cause-in-fact of Plaintiff Payne's towing and recovery expenses.  (ECF No. 138-1 at p. 10).  Defendants only argument is that, based upon Corporal Lamont's deposition,[11] all vehicles involved in the accident, regardless of damage, were towed.  (ECF No. 138-1 at p. 11).  Plaintiff Payne counters by arguing that the sixty-nine-vehicle accident would have only been a sixty-seven-vehicle accident had Defendant Alas not negligently collided with Plaintiff Rickell.  (ECF No. 143 at pp. 3–4).  Therefore, according to Plaintiff Payne, had Defendant Alas not collided with Plaintiff Rickell, Corporal Lamont's unit would not have towed Plaintiffs' vehicle.

Both parties, without citing any caselaw, miss the mark.  At this stage, all the Court knows is that there was a horrible accident on I-95 involving sixty-nine vehicles.  The Court does not know whether Plaintiff Rickell and Defendant Alas were located at the front, back, or anywhere else in between relative to the sixty-seven other vehicles.  Plaintiff Rickell's testimony regarding vehicles being "all over" on the highway further confirms that the location of vehicles in relation to other vehicles in the accident is a question of fact for the jury.  (ECF No. 95-3 at p. 22). Furthermore, assuming Defendants accurately cited Corporal Lamont's deposition, the Court is without insight into Corporal Lamont's criteria for being involved in the crash for purposes of towing.  The eventual fate of the vehicles involved in the accident is clearly a question for a jury,

---

[11] Defendants cite to Exhibit D of their Motion when referring the Court to the testimony of Corporal Lamont regarding the towing and impounding of vehicles involved in the accident.  (ECF No. 138-1 at pp. 10–11).  However, the deposition attached as Exhibit D was given in the matter of "Rai v. Denzil Adrian Bailey."  (ECF No. 138-8 at pp. 1–9).  That deposition provides no insight into the towing or impounding of any vehicles involved in the crash.

not this Court.  Therefore, to the extent Defendants' Motion requests summary judgment regarding Plaintiff Payne's costs incurred for towing and recovery, Defendants' Motion is hereby DENIED.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment on Liability (ECF No. 137) is DENIED, and Defendants' Motion for Partial Summary Judgment on Plaintiff Payne Inc.'s Claims (ECF No. 138) is GRANTED IN PART and DENIED IN PART.


Date: <u>December 19, 2022</u>                                        <u>                /s/                </u>
                                                                                    J. Mark Coulson
                                                                                    United States Magistrate Judge