**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>J. Mark Coulson<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>P: (410) 962-4953 \| F: (410) 962-2985<br>mdd_jmcchambers@mdd.uscourts.gov |

August 22, 2023

LETTER ORDER AND OPINION TO COUNSEL

RE:   *Payne Inc. et al v. Bore Express, Inc. et al*
       Civil No. 1:21-cv-00048-JMC

    Before the Court are two motions: (1) Plaintiffs' Motion to Substitute Expert and For Admission of Deposition Testimony (ECF No. 160), and (2) Defendants' Motion to Strike Plaintiffs' Rule 26(e)(2) Supplemental Designation (ECF No. 162).[1] The backdrop for these Motions is that Plaintiffs' original designated expert, Steve Chewning, recently died. (ECF No. 160 at p. 1).[2] Therefore, Plaintiffs wish to substitute a new expert, Steve Kean, as their trial witness. *Id.* Mr. Kean was a colleague of Mr. Chewning, and Mr. Kean assisted Mr. Chewning on this case such that Plaintiffs expect that Mr. Kean's testimony "will be the same as Mr. Chewning's would have been." *Id.* at p. 2. Prior to his death, Mr. Chewning sat for a discovery deposition by Defendants, and Defendants videotaped that deposition. (ECF No. 161 at p.1). Plaintiffs did not take a *de bene esse* deposition of Mr. Chewning for use at trial.[3] Plaintiffs seek admission of Mr. Chewning's deposition at trial due to Mr. Chewning's unfortunate unavailability.

    Defendants agree that Mr. Chewning's deposition is admissible given his unavailability. *Id.* at p. 2. Defendants argue that the admissibility of Mr. Chewning's deposition makes the substitution of Mr. Kean unnecessary and will result in cumulative testimony. *Id.* at p. 4. Plaintiffs contend that one purpose of retaining an expert for trial is to allow that expert to attend trial so as to respond to other witnesses' live testimony and evidence. (ECF No. 160 at p. 2). Plaintiffs urge the Court to permit the substitution of Mr. Kean because Plaintiffs "will require . . . live expert assistance during the trial." (ECF No. 163 at p. 2). "Mr. Kean and Mr. Chewning's involvement

---

[1] In addition to these Motions, the Court has considered (1) Defendants' Response in Opposition to Plaintiffs' Motion (ECF No. 161) and (2) Plaintiffs' Reply as to Plaintiffs' Motion/Plaintiffs' Opposition to Defendants' Motion (ECF No. 163). Plaintiffs' Motion is fully briefed, but Defendants have until August 25, 2023, to file a reply as to their Motion to Strike. However, the Court's resolution of Plaintiffs' Motion to Substitute renders Defendants' Motion to Strike moot. Accordingly, no reply as to Defendants' Motion to Strike is necessary.

[2] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

[3] On July 17, 2023, and July 18, 2023, the parties in the case *sub judice* responded to an email inquiry from the undersigned's Chambers regarding whether Plaintiffs took a *de bene esse* deposition of Mr. Chewning. The parties indicated that the deposition of Mr. Chewning was taken solely for the purpose of discovery.

in this matter has solely consisted of the review of a video of the crash shot by a pedestrian." (ECF No. 163 at p. 2). Furthermore, "Mr. Kean concurs with Mr. Chewning's report." *Id.* at p. 4.

As to the question of the admissibility of Mr. Chewning's discovery deposition, the parties are correct in that Fed. R. Civ. P. 32(a)(4) allows such use. Moreover, the Fourth Circuit has previously held that, for purposes of admissibility at trial, Fed. R. Civ. P. 32 makes no distinction between depositions taken for purposes of discovery versus *de bene esse* depositions specifically taken for use at trial. *See Tatman v. Collins*, 938 F.2d 509, 510–11 (4th Cir. 1991). As a threshold matter therefore, except to the extent the Court limits such use immediately below, any party can make use of Mr. Chewning's deposition at trial.

As to the proposed substitution of Mr. Kean, the Court acknowledges the advantages of having one's expert attend the trial. Plaintiffs are certainly correct that such attendance allows the expert to consult with counsel regarding the testimony of other witnesses and the exhibits admitted. Depending on the timing of the trial and order of proof, this attendance might also allow the expert to incorporate such things into his or her testimony, although that would not universally be the case. Additionally, the Court acknowledges the difference between a deposition taken by an opponent for purposes of discovery versus a *de bene esse* deposition taken by the witness' proponent to present a true direct examination—and corresponding cross examination—to the jury. *See Bouygues Telecom, S.A. v. Tekelec, Inc.*, 238 F.R.D. 413, 414 (E.D.N.C. 2006) ("The purpose of a discovery deposition is to discover information; the purpose of a *de bene esse* deposition is to preserve testimony for trial."). For strategic and other reasons, the former may well not include a full exploration of every relevant opinion of the expert and all supporting bases for it by either side. This would weigh in favor of allowing the requested substitution if it could be accomplished in a way to reasonably reduce any prejudice to Defendants.

The Court must also be mindful of not allowing cumulative testimony. See Fed. R. Evid. 403. Plaintiffs acknowledge that the proposed testimony of Mr. Kean "will be the same" as Mr. Chewning. (ECF No. 160 at p. 2). Accordingly, the Court has concerns regarding Plaintiffs' plan to introduce both the deposition testimony of Mr. Chewning and the trial testimony of Mr. Kean.

In light of all of the above, the Court GRANTS Plaintiffs' Motion to the extent that the Court provides Plaintiffs with two options moving forward; Plaintiffs' Motion is DENIED otherwise. The Court directs Plaintiffs to choose whether they would prefer to introduce the deposition testimony of Mr. Chewning or the live testimony of Mr. Kean. Plaintiffs shall inform Defendants and the Court of their decision by August 25, 2023. Notwithstanding Plaintiffs' choice, Defendants will retain the full ability to introduce the deposition testimony of Mr. Chewning should they so choose, such as for impeachment. Should Plaintiffs elect to substitute Mr. Kean for Mr. Chewning as a trial witness instead of relying on the deposition testimony of Mr. Chewning, Plaintiffs must make Mr. Kean available for a discovery deposition within thirty (30) days of this order or, at Defendants' election, some later mutually agreeable date should Defendants wish to take one. Furthermore, Plaintiffs will pay for Mr. Kean's deposition

preparation and time, as well as the costs of the deposition itself.[4] If Plaintiffs choose to proceed with the live testimony of Mr. Kean, then Mr. Kean's substantive opinions will be limited to those previously disclosed as to Mr. Chewning.

Immediately after filing their Opposition, Defendants filed a Motion to Strike Plaintiffs' Rule 26(e)(2) Supplemental Designation (ECF No. 162). Defendants' Motion asks the Court to strike Plaintiffs' designation of Mr. Kean as noncompliant with Fed. R. Civ. P. 26(a)(2)(B). *See generally* (ECF No. 162). However, Plaintiffs have indicated that they have provided Defendants with an Amended Rule 26(a)(2) Disclosure.[5] Plaintiffs purport that Defendants' Motion to Strike is now moot in light of Mr. Kean having produced an expert report (ECF No. 163-1) and Mr. Kean's availability for deposition. As the Court has given Plaintiffs until August 25, 2023, to inform the Court and Defendants whether Plaintiffs will proceed using the deposition testimony of Mr. Chewning or the live testimony of Mr. Kean, the Court will DENY Defendants' Motion to Strike as moot.

Notwithstanding its informal nature, this Letter Order and Opinion is considered a formal Order and Opinion of the Court, and the Clerk should docket it as such.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge

---

[4] Plaintiffs indicate that they "do not object to the defendants taking the deposition of Mr. Kean." (ECF No. 163 at p. 2).

[5] Although Plaintiffs cite to this amended disclosure, they have not attached it to their filings.